[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE MOTION TO DISMISS
The above entitled matter was referred to the undersigned for a hearing of an application for a temporary injunction to bar the defendant from tortiously interfering with a contract between the plaintiff ("Linsley") and Richard Wetmore and Marie Wetmore ("Wetmores"). The Wetmores are the insured of the defendant ("Farm Insurance") who have brought suit against Farm Insurance under their uninsured coverage of their policy. Linsley at the time of an automobile accident with the Wetmores was uninsured. Wetmores brought suit against Linsley. Wetmores entered into an agreement to release Linsley and withdraw their suit against him. Wetmores brought suit against Farm Insurance under their uninsured coverage. Farm Insurance it is asserted is tortiously interfering with the Wetmores from compliance with Linsley to release him and withdraw their action against him. Farm Insurance asserts that the policy with Wetmores precludes the Wetmores from CT Page 9474 agreeing to release or withdraw the suit between Wetmores and Linsley without Farms Insurance consent.
The Farm Insurance argues that the application for the injunction should be dismissed because the plaintiff has failed to join its insureds, the Wetmores, as indispensable parties.
The plaintiff argues that the Wetmores are not indispensable parties as the instant injunction application implicates no interest of the Wetmores: the plaintiff argues that he is not seeking an order to have the Wetmores withdraw their complaint against Linsley; nor is he seeking an order for the defendant to order the Wetmores to withdraw their action against Linsley. The plaintiff argues that his injunction seeks only to make certain that the Wetmores are free to do as they please with regard to the contract with the plaintiff without interference from the defendant. In addition, the plaintiff argues that even if the Wetmores are considered indispensable parties, they have been constructively notified through their attorney of the pendency of the proceeding and have thus been given a reasonable opportunity to be heard.
The purpose of the motion to dismiss is to attack "jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court." (Internal quotation marks omitted.) Gurliacci. v.Mayer, 218 Conn. 531, 544, 590 A.2d 914 (1991). "The motion to dismiss shall be used to assert (1) lack of jurisdiction over the subject matter, (2) lack of jurisdiction over the person, (3) improper venue, (4) insufficiency of process, and (5) insufficiency of service or process. "Practice Book § (1998 Rev.) § 10-31. "[a] motion to dismiss is not [however] the proper method to raise the issue of the nonjoinder of a party. Instead, the exclusive remedy for nonjoinder of indispensable parties is by way of a motion to strike." Levine v. Police Commission, 28 Conn. App. 344, 351,612 A.2d 787, cert. denied, 223 Conn. 923, 614 A.2d 823 (1992).
The defendant's motion to dismiss is denied as the issue of nonjoinder of a indispensable party is not properly raised on motion to dismiss.[1]
Motion to Dismiss is denied.
Frank S. Meadow Judge Trial Referee CT Page 9475